UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COINDELL BRYANT | CIVIL ACTION |
| VERSUS | NO. 26-01785 |
| MAKAYLA DULANEY, ET AL. | SECTION "J"(3) |

**ORDER AND REASONS**

*Pro se* plaintiff, Coindell Bryant, is an inmate currently incarcerated at the Plaquemines Parish Detention Center in Point-A-La-Hache, Louisiana. He filed the above-captioned 42 U.S.C. § 1983 complaint against police officers Makayla Dulaney, Thomas Ripp, Jonathan Fowlkes, and James Marx relating to his arrest on March 2, 2025.[1] Bryant requests that he be allowed to proceed in this matter as a pauper pursuant to 28 U.S.C. § 1915.[2] Bryant also requests appointment of counsel.[3]

The Prison Litigation Reform Act provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Bryant, a frequent litigant in federal court, has filed numerous civil actions

---

[1] R. Doc. 3. The Court notes that Bryant, as a result of his arrest, was criminal charged with being a felon in possession of a firearm and ammunition and is currently awaiting his criminal trial. *See United States v. Bryant*, 25-168 "M"(2).
[2] R. Doc. 4.
[3] R. Doc. 5.

while incarcerated. The Court's records establish that at least three of his prior § 1983 complaints were dismissed as frivolous, malicious, and/or for failure to state a claim. These dismissals include the following: *Bryant v. Goss*, 350 F. App'x 847 (5th Cir. 2009); *Bryant v. Travis*, No. 07-1409, 2007 WL 1239134 (E.D. La. Apr. 27, 2007); and *Bryant v. Rogers*, No. 04-2582 (W.D. La. Oct. 24, 2005) (R. Doc. 9). He has therefore accumulated three "strikes" under the PLRA.

Because of that history of baseless litigation, Bryant cannot proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g). To meet the imminent danger requirement, the threat must be "real and proximate" and based on fact, not conjecture. *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019); *Valdez v. Bush*, No. 08-148, 2008 WL 4710808,*1 (N.D. Tex. Oct. 24, 2009) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the complaint is filed. *Cloud v. Stotts*, 455 F. App'x 534, 534 (5th Cir. 2011). The exception in the statute refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis... .").

The Court finds that Bryant's complaint fails to demonstrate that he is in imminent danger of serious physical injury. Consequently, Bryant is not entitled to proceed *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act.

Accordingly, **IT IS ORDERED** that Coindell Bryant's motion to proceed *in forma pauperis*, R. Doc. 4 is **DENIED**.

**IT IS FURTHER ORDERED** that Bryant's motion for appointment of counsel, R. Doc. 5, is **DENIED WITHOUT PREJUDICE** as moot.

New Orleans, Louisiana, this 8th day of September, 2026.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**